UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADRIANA SOTO,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>CARDENAS MARKETS, LLC<br><br>　　　　　　　Defendant. | Case No.: 2:24-cv-01268-GMN-BNW<br><br>**ORDER GRANTING MOTION TO REMAND** |

Pending before the Court is the Motion to Remand, (ECF No. 3), filed by Plaintiff Adriana Soto. Defendant Cardenas Markets filed a Response, (ECF No. 9), to which Plaintiff replied, (ECF No. 10).

Because removal was not timely, the Court **GRANTS** Plaintiff's Motion to Remand.

I. <u>BACKGROUND</u>

This case arises from a slip and fall incident at Cardenas Markets. (*See generally* Compl., ECF No. 1-2). Plaintiff alleges that she suffered serious injuries after slipping on the wet floor of Cardenas Market. (*Id.* ¶¶ 9–13). Plaintiff originally filed her Complaint in the Eighth Judicial District Court for Clark County, Nevada on April 24, 2024. (Pet. Removal, ECF No. 1). On June 26, 2024, Plaintiff filed a motion in state court asserting damages exceeding $102,872.01. (Resp. 2:2–10, ECF No. 9). On July 14, 2024, Defendant removed this case to federal court on the basis of diversity jurisdiction. (Pet. Removal). Defendant argues that complete diversity of citizenship exists because Plaintiff is a citizen of Nevada and Cardena's Market is a citizen of California. (*Id.* ¶ 11). Plaintiff now seeks to remand to state court because the case was not timely removed. (*See generally* Mot. Remand, ECF No. 3).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Diversity is determined, and must exist, at the time the complaint is filed, and removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). A corporation is deemed to be a citizen of every state by which it is incorporated, as well as the state where it has its principal place of business. 28 U.S.C. § 1322(c)(1).

A defendant may remove a case within 30 days of receipt of the initial pleading if it is removable at that time. 28 U.S.C. § 1446(a). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## III.   DISCUSSION

Plaintiff does not contest that the amount in controversy requirement for removal is met, and complete diversity exists. (*See generally* Mot. Remand). The Court agrees that the requirements for removal on the basis of diversity jurisdiction are met. The amount in controversy in this case exceeds $75,000 because Plaintiff has alleged damages in excess of $75,000. (Pet. Removal 2:1–5). The Court further finds that the parties are diverse because Plaintiff is a resident of Nevada, and Cardenas Markets and its parent companies are citizens of California. (*Id.* 1:20–25).

Plaintiff argues that remand is appropriate because Defendant failed to file its notice of removal within 30 days of receiving the initial pleading, which stated that Plaintiff suffered damages in excess of $75,000. (*See generally* Mot. Remand, ECF No. 3). Defendant contends that it was not aware the case was removable until Plaintiff filed a procedural motion on June 26, 2024. (Resp. 1:12–21).

Plaintiff's initial complaint specifically alleged that her damages exceed $75,000. (Compl. 2:18–20). Defendant argues that the grounds for removal were not apparent from the Complaint because it alleges in only one location that the amount in controversy exceeded $75,000, while it alleged in four other locations that the amount in controversy exceeded $15,000. (Resp. 4:2–7). This inconsistency, according to Defendant, gives rise to an assumption that the $75,000 amount was a "typographical error" resulting from the recycling of common documents by lawyers. (*Id.* 4:8–12). Defendant ultimately argues that it could not

1  have known from reading the Complaint which amount in controversy allegation to believe.
2  (*Id.* 4:12–17).  But the "inconsistency" that Defendant identifies is not actually inconsistent.
3  The amount of damages Plaintiff is seeking can be in excess of both $15,000 and $75,000 at the
4  same time.  Thus, the two alleged amounts in controversy do not contradict one another such
5  that Defendant had no way of knowing which one was correct.  Plaintiff's complaint plainly
6  identified that she is seeking damages in excess of $75,000; Defendant was therefore on notice
7  that the case may be removable.

8      Defendant next argues that, because the ad damnum clause only identified damages in
9  excess of $15,000, the amount in in controversy over $75,000 was not facially apparent from
10 the complaint. (Resp. 4:19–5:21).  Though Plaintiff plainly stated that she sought over $75,000
11 in damages in a different section, Defendant argues that it is only required to look to the ad
12 damnum clause to identify the damages for the purposes of determining the amount in
13 controversy. (*Id.* 4:21–23).  But, as the Ninth Circuit has explained, "notice of removability
14 under § 1446(b) is determined through examination of the four corners of the applicable
15 pleadings." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  Here, the
16 statement that damages are in excess of $75,000 is within the four corners of the Complaint.
17 (Compl. ¶ 6).  Thus, this statement provided Defendant with notice that the case was
18 removable.

19     The Court therefore finds that the initial Complaint placed Defendant on notice that the
20 case was removable.  Because Defendant removed more than 30 days after it received the
21 initial complaint, removal was untimely.  *See* 28 U.S.C. § 1446(a).  On this basis, the Court
22 GRANTS Plaintiff's Motion to Remand.

23 **IV.    CONCLUSION**

24     **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 3), is
25 **GRANTED**.

**IT IS FURTHER ORDERED** that the case is hereby remanded to the Eighth Judicial District Court for Clark County, Nevada, for all further proceedings.

**IT IS FURTHER ORDERED** that all other outstanding motions are **DENIED** because the Court does not have jurisdiction to address them.

**DATED** this __19__ day of November, 2024

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT